UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHAB KIFAH NADHIM, CDCR #CD-1379,<br>Plaintiff,<br>vs.<br>SHANTAL HERNANDEZ, et al.<br>Defendants. | Case No.: 26-cv-3794-AJB-MMP<br>**ORDER:**<br>**1) GRANTING FIRST MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING AS MOOT SECOND MOTION TO PROCEED IN FORMA PAUPERIS, and**<br>**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br>**(Doc. Nos. 8, 11)** |

On June 24, 2026, Plaintiff Ihab Kifah Nadhim, a state prisoner confined at Wasco State Prison in Wasco, California, proceeding pro se, filed a civil rights Complaint pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), in the District Court for the Eastern District of California presenting claims arising while he was confined at the Otay Mesa Detention Facility in San Diego, California. (Doc. No. 1 at 2-5.) The Complaint was transferred to this Court accompanied by a Motion to Proceed In Forma Pauperis ("IFP"). (Doc. Nos. 2-4.) On October 9, 2026, the Court denied Plaintiff's IFP

motion because it was not accompanied by a copy of his inmate trust account statement. (Doc. No. 6.) Plaintiff has now filed two renewed IFP motions. (Doc. Nos. 8, 11.)

## I. MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his first IFP motion, Plaintiff has submitted a copy of his inmate trust account statement which shows he has insufficient funds to pay the full or partial filing fee. (Doc. No. 8 at 7.) The Court **GRANTS** Plaintiff's first renewed motion to proceed IFP and assesses no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th

Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered.") Pursuant to 28 U.S.C. § 1915(b)(2), the agency having custody of Plaintiff will forward payments to the Clerk pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1)&(2) until the $350 statutory fee is paid in full. Plaintiff's second renewed IFP motion (Doc. No. 11) is **DENIED** as moot.

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### B. Allegations in the Complaint

Plaintiff alleges that he was housed at the Otay Mesa Detention Center "while I was going through my immigration case," where Defendant Department of Homeland Security Contractor Shantal Hernandez "threatened me that if I don't have sex with her that she was going to make sure that I get deported back to Iraq and she was going to tell my wife that

I already had sex with her she also used to bring drugs for me to take so I can have sex with her Shantal made me get her pregnant but she had to get iburoshin because of the case." (Doc. No. 1 at 3.) Plaintiff states that he was released from the Otay Mesa Detention Center on September 25, 2023, and Hernandez "stopped me from going home to Fresno California with my parents and made me have sex with her in her friend's car 10 minutes after I was released." (*Id.*) "A month later she drove all the way from San Diego to Fresno to make me have sex with her." (*Id.*) "She used to harass me and stalk me on social media and my wife's social media calling me everyday texting me telling me that I better leave my wife and move to San Diego with her and get her pregnant again." (*Id.*)

Plaintiff alleges that during an investigation into his complaint against Defendant Hernandez, "Internal Affairs came to speak to me about what happened," but Plaintiff refused to cooperate because he was in fear of his life. (*Id.* at 4.) He alleges that Defendant "Main ICE Field's Office" employee Rodney Richmond and Defendant ICE Officer Sergio Rodriquez "said that if I say anything he was going to kill me or make sure he deports me back to Iraq and kill me there." (*Id.* at 4-5.) Richmond and Rodriguez also threatened to keep Plaintiff incarcerated for the rest of his life. (*Id.*)

**C. Discussion**

The Supreme Court in *Bivens* recognized an implied cause of action against federal officials for a Fourth Amendment search and seizure violation. *Bivens*, 403 U.S. at 392-97. "[S]ince then, the Supreme Court has extended *Bivens* exactly twice," including *Davis v. Passman*, 442 U.S. 228 (1979), where the Court permitted a damages remedy against a congressman for alleged sex discrimination in violation of the Fifth Amendment, and *Carlson v. Green*, 446 U.S. 14 (1980), where the Court recognized a *Bivens* remedy where prison officials failed to provide adequate medical treatment in violation of the Eighth Amendment. *Marquez v. Rodriguez*, 81 F.4th 1027, 1029 (9th Cir. 2023). When a plaintiff seeks to bring an action under *Bivens* for a violation of a federal constitutional right:

> [W]e proceed in two steps. "First, we ask whether the case presents 'a new *Bivens* context'—i.e., is it 'meaningful[ly]' different from the three cases

> in which the Court has implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 139-40 (2017)). If a case presents a new *Bivens* context, then we examine whether "there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id*. (quoting *Abbasi*, 582 U.S. at 136). These steps will "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id*. If so, then we may not allow the *Bivens* claim to proceed. [¶] In practice, the Supreme Court's stringent test will foreclose relief in all but the most extraordinary cases.

*Marquez*, 81 F.4th at 1030.

The *Marquez* court noted that "(i)f there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id*. at 1032, quoting *Egbert*, 596 U.S. at 491.

As outlined above, Plaintiff claims the Defendants, a DHS contractor, an ICE employee, and an ICE officer, sexually harassed and threatened him while he was a DHS detainee. The Court will liberally construe the Complaint as attempting to bring a claim for a violation of substantive due process under the Fifth Amendment.[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that when a plaintiff appears pro se, the court must construe the pleadings liberally and afford plaintiff any benefit of the doubt with respect to what claims are raised); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting that the rule of liberal construction is "particularly important" in civil rights cases); *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1080 (N.D. Cal. 2024) ("[S]ubstantive due process also

[1] The Court will not construe the Complaint as attempting to state a Federal Torts Claim Act claim because Plaintiff has not alleged such a claim nor named a proper Defendant. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (holding that to be cognizable in federal court, a FTCA claim must be: "[1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.") (quoting 28 U.S.C. § 1346(b)(1)).

imposes outer bounds on the conditions of civil immigration detention.") In order to state a substantive due process claim, Plaintiff must "show both a deprivation of [his] liberty and conscience shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). Behavior which shocks the conscience can be shown by "conduct intended to injure in some way unjustifiable by any government interest." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Assuming Plaintiff could allege Defendant Hernandez's actions violated substantive due process, she is alleged to be a privately employed individual working at the Otay Mesa Detention Center and Plaintiff cannot bring a *Bivens* suit against her. *See Minneci v. Pollard*, 565 U.S. 118, 131 (2012) (no *Bivens* remedy is available for a suit for damages against "privately employed personnel working at a privately operated federal prison[.]") With respect to Defendants "Main ICE Field's Office" employee Richmond and ICE Officer Rodriquez, Plaintiff merely alleges that Richmond "said that if I say anything he was going to kill me or make sure he deports me back to Iraq and kill me there," and that Rodriguez threated to keep Plaintiff incarcerated for the rest of his life. (Doc. No. 1 at 4-5.) Such allegations are insufficient to state a federal constitutional claim. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the [federal Constitution] to believe a threat constitutes a constitutional wrong."); *Iqbal,* 556 U.S. at 678 (a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," as the "mere possibility of misconduct" falls short of the plausibility standard.) In any case, the Supreme Court has held that a Fifth Amendment substantive due process claim arises in a new *Bivens* context, *Ziglar v. Abassi*, 582 U.S. 120, 147-49 (2017), and the Ninth Circuit has declined to extend *Bivens* to a Fifth Amendment substantive due process claim. *Marquez*, 81 F.4th at 1033. There are no special factors here which would allow a *Bivens* damages remedy in this new context, nor any indication Plaintiff had a lack of alternative remedies available, such administrative review procedures or bringing an action for declaratory or injunctive relief rather than for damages under *Bivens*. *Id*. In fact, Plaintiff acknowledges there were

administrative procedures available to him which he did not utilize. (*See* Doc. No. 1 at 3-5.) His conclusory allegation he feared retaliation using those procedures is insufficient to show the procedures were effectively unavailable. *See Hammond v. Seal*, 2026 WL 2874699, at *4 (D. Or. 2024) (holding that a plaintiff must allege more than a generalized fear of retaliation to establish that the grievance procedure was effectively unavailable.) Even if he could make such a showing, he has not shown that an action for declaratory or injunctive relief was unavailable. *See Castillo v. Does*, 2024 WL 4479879, at *3 (S.D. Cal. 2024) (dismissing Fifth Amendment *Bivens* claim for failure to state a claim where alternate remedies such as an action for declaratory or injunctive relief were available), citing *Marquez*, 81 F.4th at 1032 ("If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy."), quoting *Egbert*, 596 U.S. at 491; *see also Marquez*, 81 F.4th at 1030 ("In practice, the Supreme Court's stringent test will foreclose relief in all but the most extraordinary cases.")

Accordingly, the Court *sua sponte* dismisses the Complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because Plaintiff is proceeding pro se, the Court will grant leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III. CONCLUSION

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's first renewed Motion to Proceed IFP (Doc. No. 8) and **DENIES** as moot his second renewed Motion to Proceed IFP (Doc. No. 11.)

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in

the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED**.

Dated: November 19, 2026

Hon. Anthony J. Battaglia
United States District Judge